UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALENCIA JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:26 CV 186 CDP |
| STERIS CORPORATION, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

This newly removed case is before me *sua sponte* upon review of the file. For the reasons that follow, I will direct plaintiff Alencia Jackson to file an amended complaint on a Court-provided form for Civil Complaints.

Self-represented litigant Alencia Jackson brought this action in the Circuit Court of the City of St. Louis, Missouri, raising several claims regarding her employment at defendant Steris Corporation, including wrongful termination, hostile work environment, harassment, retaliation, defamation, and unlawful retention of earned wages. Jackson asserts that Steris's conduct caused her to experience pain and suffering, emotional distress, and lost wages. The state-court petition comprises eight handwritten pages. The first page is a cover page of sorts, which briefly lists the claims asserted and has "1,200,000" written on the bottom with no explanation given to its meaning. The remaining seven pages of the

petition comprise one long paragraph alleging a plethora of facts giving rise to Jackson's claims.

Steris removed Jackon's case to this Court invoking both federal question and diversity jurisdiction. As to federal question jurisdiction, Steris avers that Jackson's petition "expressly alleges that STERIS violated Title VII and Plaintiff's Right to Sue notice was issued by the EEOC." (ECF 1, Not. of Rem., at ¶ 12.) As to diversity jurisdiction, Steris avers that it is a citizen of the State of Ohio, that Jackson is a citizen of the State of Illinois, and that Jackon's petition raises "voluminous allegations and unspecified pain and suffering damages" and demands $1,200,000. (*Id.* at ¶¶ 25, 26-2.)[1]

I have thoroughly reviewed Jackson's petition and the entirety of the state-court file that Steris submitted with its Notice of Removal. Nowhere in either the petition or file does Jackson allege – "expressly" or otherwise – that Steris violated Title VII or that the EEOC issued her a Right to Sue notice. Nor does the face of Jackson's petition present a Title VII claim. Because a federal question cannot be discerned from the face of Jackson's petition, I cannot find that federal question jurisdiction exists over Jackson's claims. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (well-pleaded complaint rule).

---

[1] Steris's Notice of Removal has two paragraphs designated as "26." The quote is attributed to the second paragraph 26 that appears on page 6 of the Notice.

As to Steris's assertion of diversity jurisdiction, the file shows complete diversity of citizenship between the parties, but Jackon's prayer for relief, including for damages, is unclear. I will therefore direct Jackson to file an amended complaint using a Court-provided form for Civil Complaints and to complete the form in accordance with its instructions as well as those set forth below. *See* Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs . . . should be filed on a Court-provided form where applicable. If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-represented plaintiff . . . to file the action on a Court-provided form.").

Instructions for Filing Amended Complaint: Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Rule 8(d) requires that each allegation must be "simple, concise, and direct." A plaintiff's statement of claims must simply give the defendant fair notice of what the claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Jackson must state her claims in separately numbered paragraphs, with each paragraph limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). For multiple claims, Jackson must state each in a separate count. *Id.* For example: "Count I: Wrongful Termination, against defendant [name]." Each

count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief she seeks for the claim (for example, money damages or equitable relief). **The same format shall be followed with respect to each claim**. In stating the facts of a claim, Jackson must describe the conduct she alleges was unlawful and the date(s) such conduct occurred, if known. In short, Jackson must describe the adverse action(s) she believes was taken, when it was taken, and why it amounted to unlawful conduct.

I will direct the Clerk of Court to provide Jackson with a Civil Complaint form, and I will give Jackson thirty days from the date of this Memorandum and Order to file an amended complaint on that form. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. The filing of an amended complaint completely replaces the earlier filed petition in this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff Alencia Jackson a copy of the Court's "Civil Complaint" form along with a copy of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff Alencia Jackson shall have

**thirty (30) days from the date of this Memorandum and Order** within which to complete and file <u>in this Court</u> the Civil Complaint form in accordance with the instructions set forth in that form and with the instructions set forth in this Memorandum and Order.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2026.