UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALENCIA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 186 CDP |
| | ) | |
| STERIS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Alencia Jackson proceeds in this removed action pro se and in forma pauperis, having been granted IFP status in state court before defendant Steris Corporation removed the case to federal court.  After removal and upon my direction, Jackson filed an amended complaint on a Court-provided form, whereupon Steris then filed a motion for more definite statement.  Jackson filed a "memorandum" in response, reasserting her claims in an apparent effort to cure the alleged deficiencies.  Upon initial review of Jackson's amended complaint and memorandum, however, I must dismiss her claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  I will deny as moot Steris's motion for more definite statement.

### I.  Background

On December 15, 2025, self-represented plaintiff Alencia Jackson filed this

action in the Circuit Court of the City of St. Louis, Missouri, raising several employment-related claims against her former employer, Steris Corporation, including claims of wrongful termination, hostile work environment, harassment, retaliation, defamation, and unlawful retention of earned wages. Upon Jackson's filing of her petition, the state court granted her leave to proceed in forma pauperis.

On February 6, 2026, Steris removed the case to this Court, invoking federal question jurisdiction under Title VII of the Civil Rights Act as well as diversity jurisdiction. Finding no federal question jurisdiction appearing on the face of Jackson's petition and being unable to discern whether the amount in controversy met diversity jurisdiction requirements, I ordered Jackson to file an amended complaint on a Court-provided form and gave specific instructions on how to complete the form and how to set forth claims for relief under the Federal Rules of Civil Procedure. *See* ECF 9, Memo. & Ord. (Feb. 10, 2026).

Jackson filed an amended complaint on March 30, 2026, asserting only federal claims. Steris moved for more definite statement, primarily arguing that Jackson failed to draft her amended complaint in accordance with the instructions in my Order. In response to Steris's motion, Jackson filed a memorandum reasserting her claims for relief. In reply, Steris contends that Jackson's second attempt to amend her complaint again fails to comply with this Court's directives.

## II.  28 U.S.C. § 1915(e)

Jackson was granted IFP status in state court upon the filing of her petition in that forum.  That IFP status followed her to this Court upon removal.  *Tsuchiya v. Texas*, No. 4:14-CV-64-O, 2014 WL 1329127, at *1 (N.D. Tex. Mar. 5, 2014) (listing cases), *report and recommendation adopted*, 2014 WL 12859928 (N.D. Tex. Apr. 1, 2014).  *See also Duncan v. Gegan*, 101 U.S. 810, 812 (1879) (after removal, federal court takes up the case where the state court left off); 28 U.S.C. § 1450 (all orders had in an action prior to its removal from a state court to a federal district court remain in full force and effect until modified or dissolved by the district court).  As Jackson is proceeding pro se and IFP, I review her complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B), which directs the Court to dismiss such an action if it is frivolous, malicious, or fails to state a claim on which relief may be granted.  *Id.*

## III.  Discussion

In her original petition filed in state court, Jackson asserted employment-related claims against Steris.  As stated in my February 10 Order, Jackson's petition did not allege that Steris violated Title VII of the Civil Rights Act; nor did the face of the petition show any other basis upon which to invoke federal question jurisdiction.  Regarding Steris's assertion of diversity jurisdiction, neither the petition nor the notice of removal clearly set out the amount in controversy.  I

- 3 -

therefore directed Jackson to file an amended complaint to properly and clearly assert her claims.

In her amended complaint filed March 30, 2026, Jackson made several factual allegations upon which she asserted five claims for relief, all alleging violations of federal statutory law:  Count 1 – Title VII of the Civil Rights Act of 1964; Count 2 – Americans with Disabilities Act (ADA); Count 3 – Occupational Safety and Health Act (OSHA); Count 4 – Fair Labor Standards Act (FLSA); and Count 5 – False Claims Act (FCA).  Jackson attached to her amended complaint the EEOC's Notice of Right to Sue issued on September 29, 2025.  In her memorandum filed April 14, 2026, Jackson refined her Title VII claims to ones of wrongful termination, harassment, and retaliation (Counts 1-3); and maintained her asserted claims under the ADA, OSHA, FLSA, and FCA (Counts 4-7).

For the following reasons, none of Jackson's claims states a claim on which relief can be granted.  I will therefore dismiss the case under 28 U.S.C. § 1915(e).

A.      Count 5 – OSHA

Violations of OSHA regulations "do not independently create private rights of action."  *Chew v. American Greetings Corp.*, 754 F.3d 632, 637 (8th Cir. 2014).  Because Jackson cannot bring a private claim against Steris based on an alleged OSHA violation, Count 5 fails to state an actionable claim for relief and must be dismissed.  *See Hurlburt v. Lohr Distrib. Co.,* No. 4:17 CV 2733 JMB, 2018 WL

- 4 -

3870109, at *8 (E.D. Mo. Aug. 15, 2018).

B.      Count 6 – FLSA

The FLSA establishes minimum standards for wages, hours, and employment conditions to safeguard workers from unfair labor practices.  *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 4 (2011); 29 U.S.C. §§ 201, *et seq*.  It imposes minimum-wage requirements, guarantees overtime pay for eligible employees who work more than 40 hours in a workweek, regulates child labor and the labor of other protected employees (*e.g.*, students, the handicapped, etc.), and provides exemptions from the minimum-wage/maximum-hour requirements for defined employees.  29 U.S.C. §§ 201-219.  It also prohibits an employer from retaliating against employees who assert their rights under the FLSA.  29 U.S.C. § 215(a)(3).

Nothing in Jackson's amended complaint or memorandum relates to FLSA's minimum-wage, maximum-hour, or protected-status requirements.  Accordingly, because Jackson's allegations do not relate to matters that fall within the FLSA's protections, her claim under the FLSA fails and will be dismissed for failure to state a claim, including any liberally construed claim of retaliation under the FLSA.  *See Birchfield v. Compass Health Network*, No. 4:24-cv-01575-SRC, 2025 WL 1454466, at *4 (E.D. Mo. May 21, 2025).

C.      Count 7 – FCA

A plausible claim under the FCA requires proof of false claims.  *United States ex rel. Raynor v. National Rural Utils. Co-op. Fin., Corp.*, 690 F.3d 951, 956 (8th Cir. 2012).  The standard of liability under the FCA is "knowing, not negligent, presentation of a false claim."  *Minnesota Ass'n. of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1053 (8th Cir. 2002).  Here, Jackson alleges that errors in her W2 form created a discrepancy between her reported hours and pay, which has delayed IRS processing of her 2024 tax return.  Jackson makes no factual allegation that the errors in the W2 were the result of Steris's knowing fraud.  She therefore fails to state a claim under the FCA on which relief can be granted, and the claim must be dismissed.  *Raynor*, 690 F.3d at 957.

D.      Counts 1-3 – Title VII

Jackson asserted in her state-court petition that she was injured at work while lifting a 15-gallon drum, that the injury occurred because she was not properly trained, and that she was harassed and ridiculed for her drum-lifting method.  She asserted that when she complained about the harassment – particularly from co-worker Kim – the manager told her to clock out.  Jackson thought she was terminated as Steris did not contact her after she left the work site and she no longer received a paycheck.  But after an attorney inquired on her behalf, she learned that she had not been fired.  She returned to work in April 2025,

which was seven months after the incident.[1]

The state-court petition further alleged that Kim resumed her harassment after Jackson returned to work.  Upon being accused of bumping into Kim, Jackson was again told to clock out and go home.  According to Jackson, she was allowed to return to work a few days later after Steris investigated the conduct.  Jackson claimed that several coworkers then began harassing her and that the harassment rose to a level where she felt threatened.  At one point, on June 18, 2025, Jackson called the police, who were dispatched to the work site and received Jackson's report.  Steris suspended her later that day.  On July 2, 2025, Jackson received a letter from Steris stating that her employment was terminated effective immediately.

In her state-court petition, Jackson alleged that the harassment started after she was injured, that she was wrongfully suspended, that Steris failed to pay her during the period she was not working, and that Steris falsified her W2 which affected her tax refund.  As noted in my February 10 Order, none of those allegations gave rise to a federal cause of action.

In her March 2026 amended complaint and April 2026 memorandum filed in this Court, Jackson reasserts most of the facts alleged in her state-court petition and claims that the harassment, heightened retaliatory supervision, and termination all

---

[1] Jackson also asserted that she gave birth during that seven-month period.

violated Title VII.  For purposes of this discussion only, I will consider Jackson's Title VII claims to relate back to her original state-court petition given that those claims in the amended complaint(s) arose out of the same conduct, transactions, and occurrences set forth in that petition.  *See Thompson v. IP Network Sols., Inc.*, No. 4:14-CV-1239 RLW, 2014 WL 5761127, at *3-4 (E.D. Mo. Nov. 5, 2014) (quoting *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 (7th Cir. 1989)).

To state a claim under Title VII, however, Jackson must allege facts showing that Steris took adverse employment action "because of [her] race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  In neither her state-court petition nor amended complaint(s) here does Jackson identify her protected class; nor does she allege facts showing that Steris acted because of any protected class.  I will therefore dismiss Jackson's Title VII claims under 28 U.S.C. § 1915(e) for failure to state a claim.  *See, e.g.*, *Birchfield*, 2025 WL 2467710, at *5.

E.     Count 4 - ADA

In her amended complaint and memorandum, Jackson claims that Steris's failure to pay her during maternity leave[2] violated the ADA and that her resultant inability to pay bills worsened her post-partum depression.

As an initial matter, pregnancy alone is not *per se* a qualifying disability under the ADA.  *Cf. Gorman v. Wells Mfg. Corp.*, 209 F. Supp. 2d 970, 975 (S.D.

---

[2] Jackson appears to assert that the seven-month period during which she did not work, believing she had been fired, included a maternity leave.

Iowa 2002). But post-partum depression, a pregnancy-related complication, may rise to the level of an emotional or mental illness under the ADA. *See Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 539-40 (S.D.N.Y. 2009). The issue here, however, is that Jackson made no factual assertion in her state-court petition that she suffered post-partum depression, that she was substantially limited in a major life activity because of that impairment, or that Steris took adverse action against her because of it. I cannot conclude, therefore, that the ADA claim raised in Jackson's March 2026 amended complaint and April 2026 memorandum relates back to her December 2025 state-court petition. As a result, the ADA claim – asserted for the first time on March 30, 2026 – is untimely.

A plaintiff bringing an ADA claim has 90 days from their receipt of the EEOC's Notice of Right to Sue within which to file a lawsuit on the claim. *Warren v. Metro Transit*, No. 4:20-CV-00781 SRC, 2021 WL 124312, at *2 (E.D. Mo. Jan. 13, 2021). Failure to timely file such a claim in a civil action may warrant dismissal. *E.g., Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984). *See also Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam); *Dent v. Heartland Coca Cola*, No. 4:19-CV-824 SPM, 2019 WL 13272484, at *1 n.1 (E.D. Mo. Nov. 4, 2019).

Here, the EEOC issued its Notice of Right to Sue to Jackson on September 29, 2025. Presuming Jackson received the Notice three days later on October 2,

- 9 -

2025, *see Hales* v. *Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018), the 90-day period within which to bring her ADA claim in a civil action expired December 31, 2025. Although Jackson filed a civil action in state court on December 15, 2025, she did not bring her ADA claim nor allege facts that could arguably support such a claim until she filed her amended complaint in this Court on March 30, 2026. Indeed, as noted in my February 10 Order, Jackson's state-court petition did not allege any facts to support a federal cause of action. As Jackson did not assert post-partum depression in her state-court petition nor identify it as a basis for disability discrimination until her amended complaint in March 2026, her newly asserted ADA claim does not relate back to her state-court petition and may be dismissed as untimely filed.

Moreover, even if the ADA claim was timely filed, it nevertheless fails to state a claim on which relief can be granted. In her amended complaint and memorandum, Jackson asserts that post-partum depression began to affect her *after* Steris stopped her paychecks. So it cannot be said that Steris did not pay her *because* of her alleged disability. There is no causal connection under the ADA when the claimed disability manifested after the alleged adverse action. *See* 42 U.S.C. § 12112(a) (adverse employment action cannot be "on the basis of disability"); *Chalfant v. Titan Distrib., Inc.*, 475 F.3d 982, 991 (8th Cir. 2007) ("An adverse action by itself is not sufficient for a successful claim under the

ADA. . . . [T]he disability must be a motivating factor in the employer's decision for adverse action."); *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 648 (8th Cir. 2022) (disability must be a motivating factor in employer's decision to take adverse action). A plaintiff claiming unlawful discrimination under the ADA must meet the definition of "disabled" at the time the adverse action occurred. *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1315 (11th Cir. 2019) ("well settled" that disability under ADA does not include impairments that manifest after the alleged discrimination) (listing cases).

Because the facts alleged do not show that Steris's failure to pay Jackson during her claimed maternity leave was because of her post-partum depression, Jackson fails to state a claim under the ADA and the claim must be dismissed.

F.      Remand to State Court is Not Warranted

In my February 10 Order directing Jackson to file an amended complaint, I cautioned that "[t]he filing of an amended complaint completely replaces the earlier filed petition in this action." (ECF 9 at p. 4.) As Jackson's amended complaint and memorandum raise only federal statutory claims, none of which were raised in Jackson's state-court petition and all of which will be dismissed for failure to state a claim, there are no remaining claims to remand to state court. I will therefore dismiss this removed case instead of remand it to state court.

Accordingly,

- 11 -

**IT IS HEREBY ORDERED** that this action is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**IT IS FURTHER ORDERED** that defendant Steris Corporation's Motion for More Definite Statement [14] is **DENIED** as moot.

A separate Order of Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2026.